Craig Howard, ABA #7911103
Daniel T. Quinn, ABA #8211141
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, Alaska  99501-2038
Telephone:  (907) 276-5727
Fax:  (907) 276-2953
choward@richmondquinn.com
dquinn@richmondquinn.com

Daniel P. Struck, Arizona Bar #012377
*(Admitted pro hac vice)*
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Fax:  (602) 200-7811
dstruck@jshfirm.com

Michael D. Corey, ABA #8511130
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501
Telephone:  (907) 276-6363
Fax:  (907) 276-3528

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Joseph Miller, | |
| Plaintiff, | |
| v. | |
| Corrections Corporation of America, a/k/a "CCA", a Foreign Corporation Authorized to Do Business in Alaska, d/b/a Central Arizona Detention Center, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | Case No. 3:03-cv-00266 (JWS) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On October 8, 2001, Plaintiff, an Alaska inmate, being housed at Corrections Corporation of America's ("CCA") Central Arizona Detention Center ("CADC"), pursuant to a contract between Alaska and CCA, was transported to Dr. Deeb's office, an oral surgeon in Tucson for a tooth extraction. Dr. Deeb was not an employee of CCA.  Plaintiff complains he sustained injuries to his lingual nerve as a result of the tooth extraction, which has caused Plaintiff to suffer from a speech impediment.

Defendant CCA, through counsel, and pursuant to Rule 56, FED.R.CIV.P., hereby moves for summary judgment on Plaintiff's remaining claim of breach of contract.  This Court should grant summary judgment in favor of Defendant for the reasons that: (1) Plaintiff is not a third-party beneficiary to the Contract because CCA did not intend to designate him so; 2) *Rathke* is distinguishable from the case-at-hand; and 3) Plaintiff cannot prove his damages were <u>caused</u> by CCA's alleged breach of contract. This Motion is supported by the following Memorandum of Points and Authorities and separately filed Statement of Facts.

## I.   PROCEDURAL HISTORY

On October 7, 2003, Plaintiff filed a Complaint against CCA alleging: (1) that Defendant failed and refused to "provide appropriate and necessary medical and therapeutic specialized care with reasonable promptitude"; and (2) that Plaintiff may recover as a third-party beneficiary of the contract between ADOC and CCA. (Defendant's Statement of Facts "DSOF" at ¶ 11).

On October 29, 2004, Defendant submitted its Motion for Summary Judgment on the issues of negligence and breach of contract. (DSOF at ¶ 17).

On January 18, 2005, this Court denied Defendant's Motion for Summary Judgment with Leave to Renew upon briefing conflict of laws. (DSOF at ¶ 18).

On February 4, 2005, Defendant renewed and filed a Motion for Summary Judgment on the issues of negligence and breach of contract per the Court's Order dated January 18, 2005 ("Renewed Motion"). (DSOF at ¶ 19). Defendant fully adopts and incorporates herein its Renewed Motion.

On June 20, 2005, the Court granted Defendant's Motion for Summary Judgment. (DSOF at ¶ 20). On July 20, 2005, Plaintiff appealed the judgment in favor of Defendant to the United States Court of Appeals for the Ninth Circuit ("Court of Appeals"). (DSOF at ¶ 21).

On August 28, 2007, the Court of Appeals affirmed the judgment against Plaintiff, in part (on the negligence claim), and reversed in part (on breach of contract claim), and remanded back to the trial court for a determination on whether Plaintiff is a third-party beneficiary to the Arizona Department of Corrections ("ADOC") and CCA Correctional Services Contract under *Rathke v. Corrections Corporation of America*, 153 P.3d 303, 310 (Alaska 2007). (DSOF at ¶ 22).

As set forth below, Plaintiff's breach of contract claim fails because Plaintiff is not a third-party beneficiary to the ADOC – CCA Correctional Services Contract. Moreover, even if Plaintiff was a beneficiary to the Contract, no breach of the Contract occurred here.

## II.  **FACTUAL BACKGROUND**

On June 29, 1998, the Alaska Department of Corrections ("ADOC") and Corrections Corporation of America ("CCA") entered into a correctional services contract to house Alaskan inmates in Arizona facilities ("the Contract"). (DSOF at ¶ 1). The Contract was renewed on July 1, 2001. (DSOF at ¶ 2).

The portion of the Contract that mentions the *Cleary* Final Settlement Agreement ("*Cleary* FSA"), merely states that all prisoners shall be entitled to necessary medical, dental, and mental health services comparable in quality to those available to the general public. (DSOF at ¶ 3). It also states that CCA shall utilize the most cost effective method of treatment to meet necessary medical needs whenever possible. (*Id.*) However, unlike the *Cleary* FSA, the Contract in this case also states that CCA will provide medical services and a dental program in accordance with ACA standards (standards for Adult Correctional Institutions, Third edition), and consistent with federal and state, local law and regulations. (DSOF at ¶ 4). More importantly, the Contract does not contain the <u>nearly four pages</u>

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
<u>Miller v. Corrections Corporation of America</u>,
Case No. 3:03-cv-00266
Page 4

of medical care provisions that are set forth in the *Cleary* FSA. (*Id.*)

In forming the Contract, neither CCA nor Alaska ever intended to designate Plaintiff or any other prisoner as third-party beneficiaries to the Contract. (DSOF at ¶ 5). The Contract neither expressly nor impliedly designated prisoners as having rights under the Contract. (*Id.*) While not required to do so, and to further evidence its intent, CCA and Alaska have amended their current contract to expressly state their intent not to designate prisoners as third-party beneficiaries. (*Id.*)

As additional objective evidence that Plaintiff is not a third-party beneficiary to the Contract, section 8.4 (E) of the Contract states contract damages are not recoverable for any injury or damage sustained by a third party. Rather, the Contract provides only for a schedule of liquidated damages as contemplated by CCA and the State of Alaska, and only as related to loss of the benefit of the correctional services bargain as between CCA and Alaska. (DSOF at ¶ 23).

As a result of the agreement between ADOC and CCA, Plaintiff was housed at CADC. (DSOF at ¶ 6).

While there, Plaintiff underwent a routine dental examination and was subsequently informed that he needed to have a tooth extracted. (DSOF at ¶ 7). On October 8, 2001, Plaintiff was transported to Dr. Deeb's office, an oral surgeon, in Tucson, Arizona for the extraction. (DSOF at ¶ 8). During the procedure,

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 5

Plaintiff allegedly sustained neurological injuries to his lingual nerve, which had caused Plaintiff to suffer from a speech impediment. (DSOF at ¶ 9). Dr. Deeb was not an employee of CCA. (DSOF at ¶ 10).

Plaintiff has disclosed two experts to testify in this matter: (1) Darlene Batchelder, a speech therapist; and (2) Dr. Ernest Meinhardt, a family practitioner.[1] (DSOF at ¶ 12). Ms. Batchelder's expert report made several diagnoses, none of which are supported by the medical facts. (DSOF at ¶ 13). In fact, Plaintiff's own expert, Darlene Batchelder, stated during her deposition that she could not testify to a reasonable degree of medical certainty that Defendant's actions caused Plaintiff's current speech impediment. (DSOF at ¶ 14). Thus, Plaintiff is unable to prove that the alleged negligent action or "inaction" by the Defendant caused his injury. As a result, Plaintiff is unable to establish that Defendant "caused" or further exacerbated Plaintiff's injuries.

Next, Dr. Meinhardt's report focused on Mr. Miller's complaint of speech impairment and neck pain radiating into the left arm. He observed "the patient's speech is very dysarthric and I have marked difficulty understanding him." (DSOF at ¶ 15). Dr. Meinhardt, however, did not provide a diagnosis or provide an opinion that the Defendant was negligent in anyway. (*Id.*).

---

[1] Neither Ms. Batchelder's or Dr. Meinhardt's reports comply with the requirements outlined in FED.R.CIV.P. 26(a)(2)(B).

Defendant has disclosed Dr. Michael Powers, a neurologist, to provide opinions regarding Plaintiff's neurological injuries and whether providing a speech therapist to the Plaintiff would have helped him in overcoming his speech impediment. (DSOF at ¶ 16). Dr. Powers' has opined that due to Plaintiff's neurological injury, speech therapy would not have helped Plaintiff overcome his speech impediment[2]. (*Id.*)

III. **LEGAL ARGUMENT**

    A.   **Alaska Law Precludes Relief to Prisoner Absent Violation of Federal or State Right.**

Alaska statute § 09.19.200 (a) strictly prohibits this Court from ordering prospective relief in a civil action with respect to correctional facility conditions unless the court finds, among other things, that the plaintiff has proven a violation of state or federal right. See AS § 09.19.200 (a). AS § 09.19.200 (g)(7) defines state or federal right as a right arising from the United States Constitution, the Constitution of the State of Alaska, or a federal or state statute. Plaintiff seeks relief for pain and suffering, numbness, embarrassment and future lost wages.

Plaintiff, however, does not allege any violation of state or federal rights. To the contrary, Plaintiff's only surviving claim is for a breach of contract. Because Plaintiff

---

[2] The Court has ruled as a matter of law that the CCA was not negligent in the treatment provided to Plaintiff.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 7

does not allege a violation of his state or federal rights, AS 09.19.200 prohibits this Court from ordering the relief sought by Plaintiff in this matter.  Plaintiff's breach of contract claim, therefore, must be dismissed under Alaska law.

**B.**   **CCA and Alaska Did Not Intend Plaintiff to be a Third-Party Beneficiary.**

To bestow third-party beneficiary status arising from contracts, the original contracting parties must have intended their contract to benefit the third-party claimant.  *See Howell v. Ketchikan Pulp Co.*, 943 P.2d 1205, 1207 (Alaska 1997); *Kodiak Elec. Ass'n v. Delaval Turbine, Inc.*, 694 P.2d 150, 154 (Alaska 1984); *State v. Osborne*, 607 P.2d 369, 371 (Alaska 1980). Generally, a party contracting with the government is not liable to members of the public because, unless the parties manifest a different intent within the contract, they are merely incidental beneficiaries. *See Nguyen v. United States Catholic Conf.*, 548 F. Supp. 1333 (W.D. Pa. 1982), aff'd., 719 F.2d 52 (3rd Cir. 1983); *Drummond v. University of PA*, 651 A.2d 572, 578 (Pa. 1994); Restatement (Second) of Contracts, Sec. 313(2)(a).  Evidence of mere intent to benefit some third-party is not enough; there must be affirmative language in the contract demonstrating the contracting parties' intent that the promisor will be held liable to specific third-parties in the event of nonperformance. *Drummond*, 651 A.2d at 579.  Moreover, several courts have recognized that inmates are not third-party beneficiaries to

contracts related to their incarceration. *See Johnson v. Lark*, 365 F. Supp. 289 (E.D.Mo. 1973); *Clifton v. Suburban Cable TV Co., Inc.*, 642 A.2d 512 (Pa.), cert. denied, 115 U.S. 1152 (1994). In *Rathke,* the decision turned largely on the court's belief that there was no objective evidence of intent in the contract.

In this case, CCA and the State of Alaska entered into a contract for the housing of Alaskan inmates at the Central Arizona Detention Center in Arizona.  There is no contract provision relating to CCA's liability to inmates for breach of contract. There also is no language which manifests a clear intent that inmates be designated as third-party beneficiaries to the Contract. More importantly, CCA and Alaska never intended to designate Plaintiff or any other prisoner a third-party beneficiary of the Contract. (DSOF at ¶ 5). As further evidence of intent, the current state/CCA Contract has been amended to expressly state the parties' intent that prisoners not be designated third-party beneficiaries. (*Id.*)  Finally, the Contract specifically sets forth that damages are not recoverable for an injury or damages sustained by a third-party.  Not only is this objective evidence that inmates were never intended to be beneficiaries of the Contract, but it precludes Plaintiff from obtaining any damages in this matter, even if he could prove breach of contract.  Accordingly, Plaintiff is, at best, only an incidental beneficiary to the Contract and has no right to seek

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

enforcement of the Contract for damages. Because Plaintiff is unable to establish that he is an intended third-party beneficiary of the Contract, his breach of contract claim fails.

Finally, there are strong public policy reasons for denying Plaintiff's ability to sue under the correctional services contract that provides for his incarceration. Having committed a serious violation of criminal law, Plaintiff should not be able to assert that any aspect of his incarceration was intended for his benefit. His incarceration was intended to benefit the *public at large* by isolating Plaintiff from society, deterring future misconduct, and obtaining retribution on behalf of his victim. Allowing inmates to interfere in the performance of a contract established to benefit the law-abiding citizenry by imprisoning violent members of society who are unable to or choose not to follow the law, would permit convicted felons to manipulate public policy choices reflected in the government's decisions about enforcement of its right under a major public contract. These public policy considerations side against any ruling that Plaintiff has the requisite third-party beneficiary status necessary to maintain this present breach of contract action, especially where the parties' objective intent in formulating the contract was to exclude inmates as third-party beneficiaries to the correctional services contract. For these reasons, this Court should grant summary judgment in favor of Defendants on Plaintiff's breach of contract claim.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

C.    <u>**Plaintiff Failed to Allege a Cause of Action Under the State Constitution or *Cleary* FSA, Thereby Precluding Third-Party Beneficiary Designation.**</u>

The Court of Appeals remanded this case back to the trial court for a determination on whether Plaintiff is a third-party beneficiary under *Rathke*. (*See Rathke v. Corrections Corp. of Am.*, 153 P.3d 303 (Alaska 2007). The *Rathke* opinion was handed down while this matter was pending appeal. In that case, the court held the plaintiff was an intended third-party beneficiary of the contract between the state and corrections contractor. *Id.* The *Rathke* court noted that in the case-at-hand, the "opposite conclusion" had been reached. The *Rathke* court stated "[t]o the extent that Miller is inconsistent with our analysis of the third-party beneficiary question presented by the *Cleary* settlement agreement and the state's contract with CCA, we disagree with the decision." *See Rathke*, 153 P.3d at 311, n.33. In analyzing this case under *Rathke,* this Court must consider the critical differences between the two cases.

Unlike this case, the plaintiff in *Rathke* argued he was an intended third-party beneficiary "by virtue of the Cleary FSA and its incorporation into the state's contract with CCA." *See Rathke*, 153 P.3d at 310. The plaintiff in *Rathke* further affirmatively alleged that the breach of the contract violated his rights under the Alaska State Constitution. This critical distinction justifies a difference in the outcome in *Rathke* and this case.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
<u>Miller v. Corrections Corporation of America,</u>
Case No. 3:03-cv-00266
Page 11

1875946.1

The case-at-hand has been on-going for over four years. Despite the prolonged life of this case, plaintiff has never made a single assertion that his rights under state law, federal law or the *Cleary* FSA have been violated. Moreover, neither Plaintiff's Response to Motion for Summary Judgment nor Appellate Brief even mention Plaintiff's rights or protection under the *Cleary* FSA or the state constitution. Instead, Plaintiff has proceeded solely on the argument that he is an implied third-party beneficiary of the Contract on strictly contract principles. (*See* Plaintiff's Appellate Brief at 19); (Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment, at p. 27). There is no mention of *Cleary* FSA or violations of the Alaska Constitution.

In this case, no cause of action involving *Cleary* FSA or related constitutional violations can be read into Plaintiff's Complaint or subsequent pleadings. Because Plaintiff does not allege breach of contract based upon violations of state law, federal law, or *Cleary* FSA – the reason for the opposite decision made in *Rathke*: Plaintiff cannot be considered a third-party beneficiary to the Contract by way of *Cleary*. Plaintiff's failure to raise the issue of *Cleary* FSA, providing the basis for breach of contract, is not only a waiver of those claims, but must also be construed as a relevant distinction between *Rathke* and the matter before this Court. Therefore, this case is

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 12

distinguishable from *Rathke* and Plaintiff here cannot be considered a third-party beneficiary to the Contract

**D.**    **Plaintiff is Not a Third-Party Beneficiary Under *Rathke*, Because *Cleary* FSA is Not Incorporated into the Contract With Respect to Medical Care.**

In *Rathke*, the court concluded that because the *Cleary* FSA "is incorporated by reference into the state/CCA contract" and portions of the *Cleary* FSA and the state/CCA contract are "virtually word for word," the prisoners are intended third-party beneficiaries of the "portions of the contract which are taken directly from the FSA." *See Rathke*, 153 P.3d at 311.

This case is distinguishable from *Rathke* because here, the *Cleary* FSA medical provisions are not incorporated into the Contract. For example, unlike here, in *Rathke*, an "incorporation by reference" clause was contained in the state/CCA contract. *Id.* The *Cleary* FSA sets forth approximately four pages of medical provisions. The Contract does not include those provisions word-for-word. In fact, the Contract provides for terms other than those contained in *Cleary* FSA. The Contract states that CCA will provide medical services and a dental program in accordance with ACA standards (standards for Adult Correctional Institutions, Third edition), and consistent with federal and state, local law and regulations. (DSOF at ¶ 4). Therefore, the Contract does not incorporate language of *Cleary* FSA and expressly provides otherwise.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 13

In addition to the "incorporation clause", in *Rathke*, the state/CCA contract mimicked the language of *Cleary* FSA and those virtually "word-for-word" sections were found enforceable. Here, the Contract lacks the "word-for-word" language of the *Cleary* FSA.

**E.   Even if the Court Finds Plaintiff is a Third-Party Beneficiary of Contract, Any Alleged Breach is Not the Cause of Plaintiff's Injuries.**

Here, the same insurmountable "causation" element that caused this Court to grant, and the Court of Appeals to uphold summary judgment in favor of CCA on Plaintiff's negligence claims, is the same obstacle Plaintiff cannot overcome in his breach of contract claim. This Court found there was no issue of fact as to the proximate cause of Plaintiff's injuries. Even in a breach of contract cause of action, Plaintiff may not be awarded relief until Plaintiff proves Defendant's alleged breach "caused" the damages. *See Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan,* 874 P.2d 937 (Alaska 1994). Therefore, since damages - caused by the breach - are an essential element of this case, to survive summary judgment, Plaintiff must present evidence establishing a genuine issue of material fact on the that issue. *Id.*

In this case, Plaintiff cannot establish causation. Specifically, Plaintiff has failed to produce any expert testimony to establish that CCA's alleged inaction or breach caused an exacerbation of Plaintiff's injuries. In fact, Darlene

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Batchelder, Plaintiff's own expert, testified during her deposition that she could not testify to a reasonable degree of medical certainty that Defendant's actions caused Plaintiff's current speech impediment. Thus, Plaintiff is unable to prove that any action or "inaction" by the Defendant caused his injury.

Based upon the nature of Plaintiff's claims involving the provision of medical care, Plaintiff must not only come forth with evidence of causation, causation must be proved by expert testimony. Namely, Plaintiff is required to put forth credible evidence by an expert witness that CCA's alleged breach, the failure to provide speech therapy, caused Plaintiff's injuries. If Plaintiff were not required to put forth such credible evidence the jury could not understand the basis of Plaintiff's claims, since whether or not a delay in receiving special therapy or a neurological consult exacerbated Plaintiff's speech impediment is not within the province of the jury and must be supported by Rule 702 testimony of an expert neurologist. The average juror will simply be unable to determine whether the nerve damage caused by the non-party oral surgeon could have been alleviated or lessened by involvement of a speech therapist or neurologist. Indeed, the only evidence the jury will hear in this regard, from neurologist Michael Powers, M.D., is that earlier intervention by a speech therapist or neurologist would not have affected Plaintiff's ultimate outcome in any way. Expert testimony is a critical component of the presentation of a

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 15

case to a jury, and is required to prove a claim of negligent conduct by a health care provider, or in this case, that a breach of contract to provide services caused Plaintiff any injury.

Because both Plaintiff's expert and Defendant's expert agree that no additional speech therapy would have assisted Plaintiff in recovering from the nerve injuries sustained during the oral surgery performed by Dr. Deeb, there is no genuine issue of material fact before the Court on the issues of damages. Thus, without the necessary expert testimony, Plaintiff cannot establish that CCA's alleged breach of contract caused or exacerbated Plaintiff's injuries. Accordingly, Defendant respectfully requests that the Court grant summary judgment on its behalf.

**F.    Plaintiff Cannot Recover Damages Under The Contract.**

To prove a breach of contract claim, a plaintiff must present evidence sufficient to calculate the amount of the loss caused by the breach. See *City of Palmer v. Anderson*, 603 P.2d 495, 500 (Alaska 1979). The plaintiff "need not prove the amount of damages with exact detail, but the evidence must provide a reasonable basis for the jury's determination. *See Ben Lomond, Inc. v. Schwartz*, 915 P.2d 632, 636 (Alaska 1996) (quoting *City of Palmer v. Anderson*, 603 P.2d 495, 500 (Alaska 1979))(citation omitted).

In this case, Plaintiff is unable to prove what damages are owed to him under the terms of the Contract. In fact, Section

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

8.4 of the Contract states contract damages are **not** recoverable for any injury or damage sustained by a third party. Rather, the Contract provides only for a schedule of liquidated damages as contemplated by CCA and the State of Alaska, and only as related to loss of the benefit of the correctional services bargain as between the parties. Accordingly, this Court should grant summary judgment in favor of Defendant CCA on Plaintiff's breach of contract claim.

## IV.   CONCLUSION

Plaintiff is not a third-party beneficiary to the Contract because neither CCA nor Alaska intended to designate him so.   Further, the outcome in *Rathke* should not be reached here. Unlike *Rathke,* the Plaintiff did not raise constitutional claims. More importantly, the Contract neither incorporated *Cleary* FSA by reference nor mimicked its language.   Moreover, objective evidence of Alaska and CCA's intent that inmates were not intended third-party beneficiaries was not before the *Rathke* court.   As a result, Plaintiff is not an intended third-party beneficiary to the Contract.

Finally, Plaintiff's breach of contract claim should fail for the same reason his negligence claims failed.   Plaintiff cannot prove his damages were <u>caused</u> by CCA's alleged breach of contract.   Therefore, this Court should grant summary judgment in favor of CCA.

Respectfully submitted this  30th  day May 2008.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

<u>Miller v. Corrections Corporation of America,</u>
Case No. 3:03-cv-00266
Page 17

1875946.1

RICHMOND & QUINN, P.C.


By    s/Daniel T. Quinn
   Craig S. Howard, ABA #7911103
   Daniel T. Quinn, ABA #8211141
   RICHMOND & QUINN
   360 K Street, Suite 200
   Anchorage, Alaska  99501
   (907) 276-5727

JONES, SKELTON & HOCHULI, P.L.C.
   Daniel P. Struck
   (*Admitted pro hac vice*)
   2901 North Central Avenue
   Suite 800
   Phoenix, Arizona  85012
   (602) 263-7323

SANDBERG, WUESTENFELD & COREY
   Michael D. Corey, ABA # 8511130
   701 W. 8th Avenue
   Suite 1100
   Anchorage, Alaska 99501
   (907) 276-6363

*Attorneys for Defendant,*
*Corrections Corporation of America*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 18

1875946.1

## **CERTIFICATE OF SERVICE**

☒    I hereby certify that on May 30, 2008, I electronically
transmitted the attached document to the Clerk's Office
using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF
registrants:

> Joe P. Josephson, Esq.
> Joseph & Associates, P.C.
> 912 W. Sixth Avenue
> Anchorage, Alaska 99501
> *Attorneys for Plaintiff Joseph Miller*

     s/Daniel T. Quinn
RICHMOND & QUINN

2282\012\pld\MOTION FOR SUMMARY JUDGMENT (2)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 19

1875946.1