# EXHIBIT 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

| | |
|---|---|
| MICHAEL CLEARY, DEMETRY KENEZUROFF, HARRY MORGAN, BOB OWEN, THOMAS WALTER, and ERNEST MORGAN, on behalf of themselves and all other persons who are now or will be similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>ROBERT SMITH, Commissioner, Department of Health and Social Services; ROGER ENDELL, Director, Division of Adult Corrections, Department of Health and Social Services; VERNON CAULKINS, Assistant Director, Division of Adult Corrections, Department of Health and Social Services; REVEREND WILLIAM LYONS, BEVERLY DUNHAM, FREDERICK PETTYJOHN, AL WIDMARK, and CONRAD MILLER, all of the Alaska Parole Board; SAMUEL TRIVETTE, Executive Director of the Alaska Board of Parole, and their subordinates, employees and agents,<br><br>            Defendants. | No. 3AN-81-5274 CIV |

## FINAL SETTLEMENT AGREEMENT AND ORDER

Philip R. Volland
Rice, Volland and Gleason, P.C.
211 H Street
Anchorage, Alaska 99501
(907) 276-5231

Attorneys for Plaintiffs

Michael J. Stark
Assistant Attorney General
Office of the Attorney General
P.O. Box KC
Juneau, Alaska 99811
(907) 465-3428

Attorneys for Defendants

7. The Department shall provide inmates three nutritious and well balanced meals every 24 hours, two of which must be hot meals. On Saturdays, Sundays and holidays, the Department may provide two hot meals and a snack. No more than 14 hours shall elapse between the last and the next meal or snack.

J. **Medical and Dental Care.**

1. All inmates shall be entitled to necessary medical, dental, and mental health services comparable in quality to those available to the general public. The Department may utilize the most cost effective method of treatment to meet necessary medical needs; however, the primary basis for any medical decision shall be medical need and not cost.

2. The Department shall provide the same quality of health care to unsentenced inmates as sentenced inmates. The Department shall provide those health care services which are required to prevent or alleviate pain and suffering, including those procedures deemed necessary to aid in increasing the level of functioning throughout the inmate's sentence, such as prosthetic devices. The Department is not obligated to provide health care services to improve cosmetic appearance or to permit functioning at levels not directly related to rehabilitation, services for conditions that were long standing prior to incarceration and not deemed necessary to alleviate pain and suffering, or extraordinary, experimental services. The Department will not deny medical care which is necessary to

-16-

enable an inmate to participate in or benefit from rehabilitative services.

3. Any health care treatment offered or provided at a facility by health care personnel other than a physician, dentist, psychiatrist, psychologist, optometrist, osteopath, podiatrist, physician's assistant, or advanced nurse practitioner, must be performed pursuant to written, standing or direct orders by personnel authorized by law to give such orders.

4. Health care treatment decisions shall be made by designated department or contract health care personnel. Security and administrative staff may not interfere with health care treatment decisions. However, if a treatment decision would result in a significant security threat (e.g., use of crutches by a violent inmate), the security staff may have input on the need for a medically acceptable alternative form of treatment. Security policies applicable to facility personnel also apply to health care personnel.

5. Except as set out below, no treatment, non-routine examination or procedure may be undertaken without first obtaining the informed consent of the inmate. Informed consent is the agreement by the inmate to the treatment, non-routine examination or procedure after being provided the material facts regarding the nature, consequences, risks and alternatives concerning any proposed treatment, non-routine examination or procedure. Informed consent may be dispensed with in the discretion of the treating health care provider when the medical

-17-

condition of the inmate (i.e., emergency) or public health concerns (e.g., communicable diseases) require immediate intervention, or when the inmate lacks the capacity to give consent as determined by a physician.

6. The Department shall notify family members or others designated by the inmate in case of serious illness or injury. The Department shall obtain permission from the inmate prior to notification whenever possible.

7. The Department shall perform a health appraisal on each inmate within 14 days after the inmate's initial admission to the correctional system unless the inmate has received a health appraisal within the previous 90 days and a new appraisal is not recommended or required by health care personnel at the receiving facility. The health appraisal shall be in accordance with Section 2-4291 of the ACA Standards for Adult Correctional Facilities (1981).

8. The Department shall provide eyeglasses as prescribed by an optometrist to pretrial detainees incarcerated for a period of longer than 15 days who are determined by appropriate Department health care personnel to be in need of corrective lenses, and who request them.

9. The Department's sick call shall be conducted by a physician or other qualified health care personnel, and shall be available as follows:

(a) In facilities of less than 50 inmates, at least one day per week;

(b) In facilities of 50 to 200 inmates, at least three days per week; and

(c) In facilities of over 200 inmates, at least five days per week.

10. Housing assignments, program assignments, disciplinary measures, and transfers to or from facilities regarding any inmate diagnosed as having a significant medical illness or condition must be approved by responsible health care personnel. Health care personnel may only disapprove such actions for sound medical reasons.

11. The Department shall have an internal appeal procedure to independently review all medical decisions made regarding health care to inmates whenever treatment has been recommended by a consulting physician and has been denied by the Department or the Department's health care operations officer, or when an inmate requests review of the treatment.

12. After an inmate has exhausted the Department's grievance and internal appeal systems, the Department shall refer the inmate to the Division of Occupational Licensing for investigation of any complaints alleging malpractice by health care personnel. This section does not limit an inmate's right of access to the courts regarding allegations of inadequate medical care.

13. The Department may seek to have medical expenses provided or paid for by third-party coverage (e.g., Veteran's Administration, Alaska Native Services Hospital, union health

-19-

plan coverage, Medicare or Medicaid, major health care insurance coverage, or public assistance benefits).

K. <u>Mental Health Services</u>

1. The Department shall perform a mental status screening of each inmate within 24 hours of the inmate's initial admission to the correctional system. The screening shall be conducted by health care staff trained to identify the possibility of mental illness or the need for immediate mental health care. If the mental status screening indicates that an inmate may be suffering from mental illness or is in need of immediate mental health care, the inmate shall promptly be referred for evaluation and diagnosis by a clinical psychologist or psychiatrist or a qualified mental health professional acting under the clinical supervision of a clinical psychologist or psychiatrist. Such supervision requires a timely on-site or telephonic review of a diagnosis and treatment for a mental illness within 72 hours of the diagnosis or treatment, excluding weekends and holidays.

2. (a) The Department shall ensure that any inmate identified as suffering from a major mental illness receives the appropriate mental health treatment required to address the inmate's needs. The use of psychotherapeutic medication shall not be used in lieu of counseling or other psychiatric services for an inmate unless part of a treatment plan initially prescribed by a physician or psychiatrist and reviewed monthly by a physician, psychiatrist, other qualified mental health

-20-