Craig Howard, ABA #7911103
Daniel T. Quinn, ABA #8211141
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, Alaska  99501-2038
Telephone:  (907) 276-5727
Fax:  (907) 276-2953
choward@richmondquinn.com
dquinn@richmondquinn.com

Daniel P. Struck, Arizona Bar #012377
*(Admitted pro hac vice)*
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Fax:  (602) 200-7811
dstruck@jshfirm.com

Michael D. Corey, ABA #8511130
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501
Telephone:  (907) 276-6363
Fax:  (907) 276-3528

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| Joseph Miller,<br><br>                    Plaintiff,<br><br>          v.<br><br>Corrections Corporation of America, a/k/a "CCA", a Foreign Corporation Authorized to Do Business in Alaska, d/b/a Central Arizona Detention Center,<br><br>                    Defendant. | **DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 3:03-00266 (JWS) |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Corrections Corporation of America ("CCA"), through counsel, hereby submits its Separate Statement of Facts in Support of its Motion for Summary Judgment as follows:

1. On June 29, 1998, the Alaska Department of Corrections ("ADOC") and CCA entered into a correctional services contract to house Alaskan inmates in Arizona facilities ("the Contract"). (*See* contract between Alaska Department of Corrections and Corrections Corporation of America, attached hereto as Exhibit 1).

2. On July 1, 2001, the contract was renewed by ADOC (*See* Contract, attached hereto as Exhibit 1).

3. The portion of the Contract that mentions the *Cleary* Final Settlement Agreement ("*Cleary* FSA"), merely states that all prisoners shall be entitled to necessary medical, dental, and mental health services comparable in quality to those available to the general public. It also states that CCA shall utilize the most cost effective method of treatment to meet necessary medical needs whenever possible. (*See* Contract, Article 4.8 (J), attached hereto as Exhibit 1).

4. Unlike the *Cleary* FSA, the Contract in this case also states that CCA will provide medical services and a dental program in accordance with ACA standards (standards for Adult Correctional Institutions, Third edition), and consistent with

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 2

1875956.1

federal and state, local law and regulations. More importantly, the Contract does not contain the <u>nearly four pages</u> of medical care provisions that are set forth in the *Cleary* FSA. (*See* Contract, Article 4.8 (E), attached hereto as Exhibit 1; *Cleary* FSA, Article IV (J), attached hereto as Exhibit 2.)

     5. Neither CCA nor Alaska ever intended to designate Plaintiff or any other prisoner as third party beneficiaries to the Contract. The Contract neither expressly or impliedly designated prisoners as having rights under the Contract. While not required to do so, and to further evidence its intent, CCA and Alaska have amended their current Contract to expressly state their intent not to designate prisoners as third-party beneficiaries. (*See* Amendment 6 to Exhibit 1; Affidavit of John Bodick, attached hereto as Exhibit 3, at ¶¶ 5-7; Affidavit of Linda Cooper, attached hereto as Exhibit 4, at ¶¶ 7-9.)

     6. As a result of the contract between ADOC and CCA, Plaintiff was transferred to the Central Arizona Detention Center ("CADC"). (See Exhibit 1).

     7. While at CADC, Plaintiff underwent a routine dental examination and was subsequently informed that he needed to have a tooth extracted. (*See* Plaintiff's Complaint).

     8. On October 8, 2001, Plaintiff was transported to Dr. Deeb's office, an oral surgeon, in Tucson, Arizona for the extraction. (*See* Plaintiff's Complaint).

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

<u>Miller v. Corrections Corporation of America</u>,
Case No. 3:03-cv-00266
Page 3

1875956.1

9. During the procedure, Plaintiff allegedly sustained injuries to his lingual nerve, which has caused Plaintiff to suffer from a speech impediment. (*See* Plaintiff's Complaint).

10. Dr. Deeb was not an employee of CCA. (*See* Affidavit of Linda Cooper, attached hereto as Exhibit 4, at ¶ 10).

11. On October 7, 2003, Plaintiff filed a Complaint against CCA alleging: (1) that Defendant failed and refused to "provide appropriate and necessary medical and therapeutic specialized care with reasonable promptitude"; and (2) that plaintiff may recover as a third-party beneficiary of the contract between ADOC and CCA. (*See* Plaintiff's Complaint).

12. Plaintiff has disclosed two experts to testify in this matter: (1) Darlene Batchelder, a speech therapist; and (2) Dr. Ernest Meinhardt, a family practitioner. (*See* Plaintiff's Initial Disclosures attached hereto as Exhibit 5).

13. Ms. Batchelder's expert report made several diagnoses, none of which are supported by the medical facts. (*See* Batchelder's Report attached to Exhibit 5).

14. Darlene Batchelder, Plaintiff's own expert, testified during her deposition that she could not testify to a reasonable degree of medical certainty that Defendant's actions

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 4

1875956.1

caused Plaintiff's current speech impediment. (*See* Deposition of Darlene Batchelder, pages 26-27, attached hereto as Exhibit 6).

15. Dr. Meinhardt's report focused on Mr. Miller's complaint of speech impairment and neck pain radiating into the left arm. He observed "the patient's speech is very dysarthric and I have marked difficulty understanding him." (*See* Meinhardt's report attached to Exhibit 5). Dr. Meinhardt did not provide a diagnosis or provide an opinion that the Defendant was negligent in any way. (*See*, Meinhardt's report, generally).

16. Defendant has disclosed Dr. Michael Powers, a neurologist, to provide opinions regarding Plaintiff's neurological injuries and whether providing a speech therapist to the Plaintiff would have helped him in overcoming his speech impediment. (*See,* Defendant's Second Supplemental Disclosure Statement, attached hereto as Exhibit 7). Dr. Powers' has opined that due to Plaintiff's neurological injury, speech therapy would not have helped Plaintiff overcome his speech impediment. (*See,* Powers Report attached to Exhibit 7).

17. On October 29, 2004, Defendant submitted its Motion for Summary Judgment on the issues of negligence and breach of contract. (*See* Defendant's Motion for Summary Judgment dated October 29, 2004).

18. On January 18, 2005, this Court denied Defendant's Motion for Summary Judgment with Leave to Renew upon briefing

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 5

1875956.1

conflict of laws. (*See* Order denying Motion for Summary Judgment with Leave to Renew dated January 18, 2005).

19. On February 4, 2005, Defendants renewed and filed a Motion for Summary Judgment on the issues of negligence and breach of contract per the Court's Order dated January 18, 2005. (*See* Defendants' Motion for Summary Judgment dated February 4, 2005).

20. On June 20, 2005, the Court granted Defendant's Motion for Summary Judgment. (*See* Court Order dated June 20, 2005).

21. On July 20, 2005, Plaintiff appealed the judgment in favor of Defendant to the United States Court of Appeals for the Ninth Circuit ("Court of Appeals"). (*See* Notice of Appeal).

22. On August 28, 2007, the Court of Appeal affirmed the judgment against Plaintiff, in part (on the negligence claim), and reversed in part (on breach of contract claim), and remanded back to the trial court for a determination on whether Plaintiff is a third-party beneficiary to the ADOC and CCA Correctional Services Contract under *Rathke v. Corrections Corporation of America*, 153 P.3d 303, 310 (Alaska 2007). (*See* Court of Appeals Memorandum Decision dated August 28, 2007).

23. Section 8.4 (E) of the Contract states contract damages are not recoverable for any injury or damage sustained by a third party. Rather, the Contract provides only for a schedule

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 6

1875956.1

of liquidated damages as contemplated by CCA and the State of Alaska, and only as related to loss of the benefit of the correctional services bargain as between the parties. (*See* Exhibit 1, at p. 50, Section 8.4(E)).

   Respectfully submitted this __30th__ day May 2008.

         RICHMOND & QUINN, P.C.


         By s/Daniel T. Quinn
          Craig S. Howard, ABA #7911103
          Daniel T. Quinn, ABA #8211141
          RICHMOND & QUINN
          360 K Street, Suite 200
          Anchorage, Alaska 99501
          (907) 276-5727

         JONES, SKELTON & HOCHULI, P.L.C.
          Daniel P. Struck
          (*Admitted pro hac vice*)
          2901 North Central Avenue
          Suite 800
          Phoenix, Arizona 85012
          (602) 263-7323

         SANDBERG, WUESTENFELD & COREY
          Michael D. Corey, ABA # 8511130
          701 W. 8th Avenue
          Suite 1100
          Anchorage, Alaska 99501
          (907) 276-6363

         *Attorneys for Defendant,*
         *Corrections Corporation of America*

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT
OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

<u>Miller v. Corrections Corporation of America</u>,
Case No. 3:03-cv-00266
Page 7

1875956.1

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on May 30, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Joe P. Josephson, Esq.
> Joseph & Associates, P.C.
> 912 W. Sixth Avenue
> Anchorage, Alaska 99501
> *Attorneys for Plaintiff Joseph Miller*

        s/Daniel T. Quinn
RICHMOND & QUINN

2282\012\PLD\MSJ SEPARATE STATEMENT OF FACTS

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266
Page 8

1875956.1