Craig Howard, ABA #7911103
Daniel T. Quinn, ABA #8411141
RICHMOND & QUINN, P.C.
360 K Street, Suite 200
Anchorage, Alaska 99501-2038
Telephone:  (907) 276-5727
Fax:  (907) 276-2953
E-mails: choward@richmondquinn.com
         dquinn@richmondquinn.com

Attorneys for Defendant Corrections
Corporation of America, a/k/a, "CCA",
A Foreign Corporation Authorized to
Do Business in Alaska, d/b/a Central
Arizona Detention Center

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH MILLER,<br><br>             Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, a/k/a, "CCA", A Foreign Corporation Authorized to Do Business in Alaska, d/b/a Central Arizona Detention Center,<br><br>             Defendants. | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 3:03-cv-00266(JWS) |

This Court should grant summary judgment in favor of Defendant Corrections Corporation of America ("CCA") for the reasons that: (1) Plaintiff cannot prove his damages were <u>caused</u> by CCA's alleged breach of contract; 2) as an inmate, Plaintiff is not an intended third-party beneficiary to the correctional services contract under

which he is incarcerated; and 3) *Rathke* is distinguishable from the case-at-hand. This Reply is supported by the following Memorandum of Points and Authorities and all pleadings filed herewith.

I. **LEGAL ARGUMENT**

    A. **Plaintiff Failed to Demonstrate that CCA is the Cause of His Injuries.**

Even in a breach of contract cause of action, Plaintiff may not be awarded relief until Plaintiff proves Defendant's alleged breach "caused" the damages. *See Geolar, Inc. v. Gilbert/Commonwealth Inc. of Michigan*, 874 P.2d 937 (Alaska 1994). Here, Plaintiff cannot escape the unquestionable fact that this Court has already granted, and the Court of Appeals upheld summary judgment in favor of CCA on Plaintiff's negligence claims, <u>because there was no issue of fact as to the proximate cause of Plaintiff's injuries</u>. Nothing has changed. Simply put - Plaintiff has not and cannot establish causation. Because Plaintiff cannot prove causation, his breach of contract claim fails.

First, Plaintiff has failed to produce any expert testimony to establish that CCA's alleged inaction or breach caused an exacerbation of Plaintiff's injuries. Plaintiff has disclosed two experts to testify in this

matter: (1) Darlene Batchelder, a speech therapist; and (2) Dr. Ernest Meinhardt, a family practitioner.[1] (DSOF at ¶ 12). Plaintiff's own expert, Darlene Batchelder, stated during her deposition that she could <u>not</u> testify to a reasonable degree of medical certainty that Defendant's actions caused Plaintiff's current speech impediment. (DSOF at ¶ 14). Thus, Plaintiff is unable to prove that the alleged negligent action or "inaction" by the Defendant <u>caused</u> his injury.

Next, Dr. Meinhardt's report focused on Mr. Miller's complaint of speech impairment and neck pain radiating into the left arm. He observed "the patient's speech is very dysarthric and I have marked difficulty understanding him." (DSOF at ¶ 15). Dr. Meinhardt, however, did not provide a diagnosis or provide an opinion that CCA was negligent in anyway. (*Id.*) Thus, neither of Plaintiff's own experts can establish any causation to support Plaintiff's breach of contract claim.

Plaintiff is left then, only with his own affidavit as support to prove causation. Plaintiff's Affidavit, however, sets forth only sparse facts concerning

---

[1] Neither Ms. Batchelder's or Dr. Meinhardt's reports comply with the requirements outlined in FED.R.CIV.P. 26(a)(2)(B).

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266(JWS)
Page 3

an alleged delay in medical care. Plaintiff is not a medical doctor. He cannot opine, nor has he or any of his experts for that matter, that the delay <u>caused</u> further injury. Therefore, Plaintiff's Affidavit does not support Plaintiff's causation theory to a reasonable degree of medical certainty.

Conversely, CCA has disclosed Dr. Michael Powers, a neurologist, to provide opinions regarding Plaintiff's neurological injuries and whether providing a speech therapist to the Plaintiff would have helped him in overcoming his speech impediment. (DSOF at ¶ 16). Dr. Powers has opined that due to Plaintiff's neurological injury, speech therapy would not have helped Plaintiff overcome his speech impediment[2]. (*Id.*)

Based upon the nature of Plaintiff's claims involving the provision of medical care, Plaintiff is required to put forth credible evidence by an expert witness that CCA's alleged breach - the failure to provide speech therapy - caused Plaintiff's injuries. The only evidence the jury will hear in this regard, from neurologist Michael Powers, M.D., is that earlier

---

[2] The Court has ruled as a matter of law that CCA was not negligent in the treatment provided to Plaintiff.

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266(JWS)
Page 4

intervention by a speech therapist or neurologist would not have affected Plaintiff's ultimate outcome in any way. Because Plaintiff has no evidence to prove that deficient medical care caused him injury, Plaintiff is unable to prove the necessary causation element to proceed with a breach of contract claim.

    B.    **Alaska Law Precludes Relief to Prisoners Absent Violation of Federal or State Right.**

Plaintiff next argues that CCA's reliance on Alaska statute § 09.19.200 (a) is misplaced. Plaintiff's drawn out explanation of the legislative history of the statute does little to negate its plain language. This Court is strictly prohibited from ordering prospective relief in a civil action with respect to correctional facility conditions unless the court finds, among other things, that the plaintiff has proven a violation of state or federal right. *See* AS § 09.19.200 (a).

AS § 09.19.200 (g)(7) defines state or federal right as a right arising from the United States Constitution, the Constitution of the State of Alaska, or a federal or state statute. Plaintiff's only surviving claim is for a breach of contract. Because a breach of contract claim is not violation of his state or federal rights, AS

09.19.200 prohibits this Court from ordering the relief sought by Plaintiff in this matter.

Further, Plaintiff alleges that he is not seeking prospective relief. AS § 09.19.200 (g)(5) defines prospective relief as "all relief other than compensatory monetary damages." But, Plaintiff seeks damages other than "compensatory" damages under a breach of contract claim, such as pain and suffering, numbness, embarrassment and future lost wages. If this Court does not consider AS § 09.19.200 a bar to this litigation, CCA respectfully requests the Court treat Plaintiff's admission that he is not seeking "prospective relief" as an admission that he no longer seeks damages for pain and suffering, numbness, embarrassment and future lost wage, etc. *See Nickels v. Napolilli,* 29 P.3d 242 (Alaska 2001) (finding the remedy for a successful breach of contract action merely puts the non-breaching party in the position that it would have been in had the breach not occurred)

    C.    <u>**CCA and Alaska Did Not Intend Plaintiff to be a Third-Party Beneficiary.**</u>

In his Response, Plaintiff attempts to distinguish *Howell, Kodiak* and *Osborne* from the case-at-hand. But, Plaintiff fails to articulate why the general rule of law

set forth in these cases does not apply to the case at bar. *See Howell v. Ketchikan Pulp Co.*, 943 P.2d 1205, 1207 (Alaska 1997); *Kodiak Elec. Ass'n v. Delaval Turbine, Inc.*, 694 P.2d 150, 154 (Alaska 1984); *State v. Osborne*, 607 P.2d 369, 371 (Alaska 1980). These cases stand for the proposition that in order to bestow third-party beneficiary status arising from contracts, the original contracting parties must have intended their contract to benefit the third-party claimant. *Id.* Instead of refuting this well-established principle of law, Plaintiff attempts to persuade this Court to adopt a rule of law determined by the Supreme Court of Minnesota. *See Plaintiff's Reply at p. 6.* This Court need not look to the Supreme Court of Minnesota, because Alaska law is clear.

Generally, a party contracting with the government is not liable to members of the public because, unless the parties manifest a different intent within the contract, they are merely incidental beneficiaries. *See Nguyen v. United States Catholic Conf.*, 548 F. Supp. 1333 (W.D. Pa. 1982), aff'd., 719 F.2d 52 (3rd Cir. 1983); *Drummond v. University of PA*, 651 A.2d 572, 578 (Pa. 1994); Restatement (Second) of Contracts, Sec. 313(2)(a). Evidence of mere intent to benefit some third-party is not enough; there

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Miller v. Corrections Corporation of America,
Case No. 3:03-cv-00266(JWS)
Page 7

must be affirmative language in the contract demonstrating the contracting parties' intent that the promisor will be held liable to specific third-parties in the event of nonperformance. *Drummond*, 651 A.2d at 579.

Here, there is no express contract provision relating to CCA's liability to inmates for breach of contract. There also is no language which manifests a clear intent that inmates be designated as third-party beneficiaries to the Contract. The uncontroverted fact remains – CCA and Alaska never intended to designate Plaintiff, or any other prisoner, a third-party beneficiary of the Contract. (DSOF at ¶ 5). As further evidence of intent, the current state/CCA Contract has been amended to expressly state the parties' intent that prisoners not be designated third-party beneficiaries. (*Id.*) This is supported by the unopposed affidavits of John Bodick and Linda Cooper. Plaintiff attempts to undermine the validity of these Affidavits, but presents nothing more than mere speculation. Plaintiff did not present a shred of evidence to contrary.

Plaintiff is, at best, only an incidental beneficiary to the Contract and has no right to seek enforcement of the Contract for damages. Because Plaintiff

is unable to establish that he is an intended third-party beneficiary of the Contract, his breach of contract claim fails.

    **D.   Public Policy Does Not Support a Finding that Plaintiff is a Third-Party Beneficiary.**

Plaintiff argues that the prisoners housed by Department of Corrections would have "rights under *Cleary*" whereas CCA inmates would not. Plaintiff's contention is at best a mischaracterization of the issue and at worst, nothing more than an empty scare tactic. The issue is whether Plaintiff has rights as a third-party beneficiary under the Contract. The mere fact that a prisoner may not be regarded as a third-party beneficiary differs from the rights a prisoner may possess under the Alaska state constitution, for example. Therefore, a ruling in CCA's favor would not diminish Plaintiff's rights under common law tort claims or the Alaska state constitution: It merely settles the issue of whether Plaintiff may bring suit as a third-party beneficiary under the Contract. For these reasons, this Court should grant summary judgment in favor of CCA.

> **E.  Plaintiff is Not a Third-Party Beneficiary Under *Rathke*, Because *Cleary* FSA is Not Incorporated into the Contract With Respect to Medical Care.**

Plaintiff next contends that the *Rathke* Court's mentioning of this case, is of some significance. But, the Court's comments are nothing more than dicta.

In *Rathke*, the Court focused on objective indicia tending to show the incorporation of *Cleary* FSA in the state/CCA contract. For instance, in *Rathke*, in addition to the express language of state/CCA contract that included an "incorporation clause", the state/CCA contract regarding inmate disciplinary procedures also mimicked the language of *Cleary* FSA and those virtually "word-for-word" sections were found enforceable. Here, the Contract lacks the "word-for-word" language of the *Cleary* FSA and lacks an "incorporation clause". For these reasons, unlike *Rathke*, this Court must find there is no objective indicia of incorporation of the *Cleary* FSA into the Contract as related to inmate medical care.

> **F.  Plaintiff Cannot Recover Damages Under The Contract.**

Plaintiff alleges he can be expected to prove his damages at trial. If this Court finds Plaintiff is a third-party beneficiary under the Contract, then Plaintiff is confined to the terms of that Contract. In other words,

neither Plaintiff nor this Court may rewrite the Contract. *See Jarvis v. Ensminger*, 134 P.3d 353 (Alaska 2006) (finding parties' subjective intentions or understandings of a contract will normally accomplish no more than a restatement of their conflicting positions, and courts generally ignore subjective intentions in favor of express manifestations of the intent behind the agreement.)

In this Section 8.4 of the Contract states damages are **not** recoverable for any injury or damage sustained by a third party. And, the Contract provides only for a schedule of liquidated damages as contemplated by CCA and the State of Alaska, only as related to loss of the benefit of the correctional services bargain as between the parties. Because the Contract does not provide for contract damages awardable to inmates, Plaintiff cannot establish or recover contract damages. Accordingly, this Court should grant summary judgment in favor of Defendant CCA on Plaintiff's breach of contract claim, because Plaintiff is not entitled to damages under the Contract.

## II. CONCLUSION

Plaintiff is not a third-party beneficiary to the Contract because neither CCA nor Alaska intended to designate him so. Further, the outcome in *Rathke* should

not be reached here.  Unlike *Rathke,* the Plaintiff did not raise constitutional claims.  More importantly, the Contract neither incorporated *Cleary* FSA by reference nor mimicked its language.  Moreover, objective evidence of Alaska and CCA's intent that inmates were not intended third-party beneficiaries was not before the *Rathke* court.  As a result, Plaintiff is not an intended third-party beneficiary to the Contract and cannot recover for breach of contract in this case.

      Finally, Plaintiff's breach of contract claim should fail for the same reason his negligence claims failed.  Plaintiff cannot prove his damages were <u>caused</u> by CCA's alleged breach of contract.  For these reasons, this Court should grant summary judgment in favor of CCA.

                                        RICHMOND & QUINN, P.C.

Dated:   7/7/08       By:   s/Craig S. Howard
                                    Craig S. Howard ABA
                                    360 K Street, Suite 200
                                    Anchorage, Alaska 99501-2038
                                    Ph: (907)276-5727
                                    Fax: (907) 276-2953
                                    E-mail: choward@richmondquinn.com
                                    Alaska Bar No. 7911103

|  |  | JONES, SKELTON & HOCHULI, P.L.C. |
|---|---|---|
| Dated: 7/7/08 | By: | s/Craig S. Howard |

Daniel P. Struck
(*Admitted pro hac vice*)
2901 North Central Avenue
Suite 800
Phoenix, Arizona  85012
Ph:(602) 263-7323
(602)263-1784
E-mail: dstruck@jshfirm.com

CERTIFICATE OF SERVICE

A copy of the foregoing document
was electronically served this
 7th  day of July 2008, on:

Joe P. Josephson, Esq.
Josephson & Associates, P.C.
912 W. Sixth Avenue
Anchorage, Alaska  99501


     s/Craig S. Howard
       RICHMOND & QUINN

2282\012\gen\MTN FOR SUMMARY JUDGMENT (REPLY)